

FILED

JUL 3 0 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**EILEEN J. DOWNING,**
**For herself and on behalf of all**
**similarly situated individuals,**

**Plaintiff,**

v.

CASE NO.: _2:12cv422_

**PAPA JOHN'S USA, INC. AND**
**PAPA JOHN'S INTERNATIONAL, INC.**

**Defendants.**

## CLASS COMPLAINT

COMES NOW Plaintiff, Eileen J. Downing ("Plaintiff"), on behalf of herself and all similarly situated individuals, and alleges the following claims against Papa John's USA, Inc. and Papa John's International, Inc. (collectively "Defendants"):

### I. NATURE OF THE CASE

1.    This action is brought for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq. ("TCPA" or "the Act"), arising out of numerous non-emergency text messages advertisements sent by or on behalf of Defendants to Plaintiff's cell phone number using an automatic telephone dialing system without Plaintiff's prior express consent.

### II. SUBJECT MATTER JURISDICTION AND VENUE

2.    This court has original jurisdiction of this civil action as one arising under the laws of the United States. *See 28 U.S.C. § 1331* and *Mims v. Arrow Fin. Serv., LLC*, 565 U.S. ___, 132 S. Ct. 740, 181 L. Ed.2d 881 (2012).

3.    Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendants

Page 1 of 16

victimized Plaintiff on her cell phone in the City of Chesapeake, Virginia where Plaintiff formerly lived and in the City of Suffolk, Virginia where Plaintiff currently lives.

4.     Venue is also proper in this Court under 28 U.S.C. § 1391(b) as Defendants regularly do business in the district and division, are subject to this Court's personal jurisdiction with respect to this civil action in the district and, as such, "reside" in the district.

### III. PARTIES AND PERSONAL JURISDICTION

5.     Plaintiff is an individual and natural person domiciled and residing in the City of Suffolk, Virginia.

6.     Defendant Papa John's USA, Inc. is a corporation organized and existing under the laws of the State of Kentucky with its principle place of business located at 2002 Papa John's Blvd., Louisville, KY 40299.

7.     Defendant Papa John's International, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principle place of business also located at 2002 Papa John's Blvd., Louisville, KY 40299.

8.     At all times pertinent, Defendants were and are in the business of selling pizzas directly and/or through their franchisees. Defendants transact business throughout the United States, including in Virginia and specifically in this district and division.

9.     In addition to transacting business in Virginia, both Defendants contracted to supply services or things in Virginia.

10.    In addition, through their acts in sending or causing to be sent to Plaintiff unsolicited text messages using an autodialer, Defendants caused tortious injury in the nature of an invasion of Plaintiff's privacy rights in this Commonwealth, either by their acts in this

Commonwealth or, alternatively, by acts outside the Commonwealth while regularly doing or soliciting business or engaging in a persistent course of conduct and deriving substantial revenue from goods used or consumed or services rendered in this Commonwealth.

11. With respect to Defendant Papa Johns International, Inc., it contracts with Papa John's franchisees in Virginia (and throughout the nation), and it regularly receives royalty fees and a portion of net sales from each franchisee in this Commonwealth (and throughout the nation) for advertising.

12. With respect to Defendant Papa John's International, Inc., it is the owner or registrant of the SMS Short Code (47272 or 4PAPA) that was used by Defendants or by others on their behalf to send the SMS text messages sent to and received by Plaintiff in this Commonwealth.

13. Personal jurisdiction may be exercised over both Defendants pursuant to Va. Code § 8.01-328.1.A.1, A.2, A.3, and A.4.

14. Plaintiff intends to serve Defendant Papa Johns' International, Inc. through the Virginia Secretary of the Commonwealth.

15. At all times pertinent, Defendants were and are engaged in interstate commerce, and Defendants used and are using instrumentalities of interstate commerce, including telephone lines, cell telephone towers, and the mail, in the course of their activities set forth herein.

## IV. GENERAL OVERVIEW OF THE TCPA

16. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

17. The TCPA regulates, among other things, the use of automated telephone dialing

systems, or "autodialers." Specifically, the plain language of sections 227(b)(1)(A) prohibits the use of an autodialer to make any non-emergency call to a wireless phone number without the prior express consent of the called party.

18.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

19.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff and the others members of the class she seeks to represent provided prior express consent within the meaning of the statute to receive calls on their cell phones made using an automatic telephone dialing system.

## V. SMS AND TEXT MESSAGING

20.     The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters. SMS messaging is one of the newest types of bulk marketing enlisting the technology of autodialers.

21.     SMS messages are directed to a wireless device, usually a cellular telephone, through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone typically rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and frequently carried on their

owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

22.     Unlike more conventional solicitations, SMS messages actually costs their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a specified number of messages, regardless of whether or not the message is authorized.

23.     SMS or text messages are "calls" governed by the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order dated July 3, 2003,* FCC 03-153, 18 FCC Rcd at 14115, para. 165.  *See also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

## VI.  FACTS AS TO NAMED PLAINTIFF

24.     On numerous occasions over the past four years, Defendants and/or persons acting on their behalf have sent numerous SMS or text messages to Plaintiff's cell phone number, 225-XXX-4756 ("Plaintiff's Cell Phone Number").  From December 30, 2011 through June 8, 2011 inclusive, Defendants and/or persons acting on their behalf sent a total of 23 such messages to Plaintiff's cell phone.  On information and belief, additional SMS or text messages were sent by or on behalf of Defendants to Plaintiff's Cell Phone Number prior to December 30, 2011, which additional messages were deleted from Plaintiff's cell phone.

25.     Each SMS or text message sent by or on behalf of Defendants to Plaintiff's Cell Phone Number was sent using an automatic telephone dialing system as defined by the TCPA in

47 U.S.C. § 227(a)(1) (hereinafter "autodialer"), in that the equipment used by Defendants and/or persons acting on their behalf had the *capacity* to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants and/or persons acting on their behalf were able to transmit text messages to the wireless telephone numbers of the members of the class which Plaintiff seeks to represent automatically without human intervention.

26.     None of the SMS or text messages sent by or on behalf of Defendants to Plaintiff's Cell Phone Number were sent for emergency purposes.

27.     At no time did Plaintiff give her prior express consent that either Defendant or any person acting on their behalf call Plaintiff's Cell Phone Number using an autodialer.

28.     On information and belief, Defendants obtained Plaintiff's cell phone number as a result of it having been captured when Plaintiff used her cell phone in placing a telephone order for pizza or another product from Defendants and/or a Papa John's franchisee.

29.     Alternatively, on information and belief, Defendants obtained Plaintiff's cell phone number as a result of Plaintiff being requested to provide her phone number in connection with a telephone order of pizza or another product from Defendants and/or a Papa John's franchisee.

30.     In any event, at no time did the person responsible for capturing Plaintiff's phone number or the person requesting Plaintiff's phone number, request or receive Plaintiff's express consent that her cell phone number be called or that SMS or other text messages be sent to her cell phone number using an autodialer. Neither did such person inform Plaintiff that autodialed calls would be made or that autodialed SMS or text messages would be sent to her cell phone

number.

31.   Typical of the autodialed SMS or text messages sent by or on behalf of

Defendants and received by Plaintiff on Plaintiff's Cell Phone Number were the ones received

on December 30, 2011 and on June 1, 2012, which read as follows:

>   From 47272
>   Get any LG pizza* for only
>   $11 @ participating Papa
>   John's - Try our NEW
>   Android App or iPhone App
>   @ http://www.papajohns
>   .m/apps  REPLY STOP to
>   opt-out.
>
>   Stored:
>   Fri, Dec 30 3:06 pm
>   Received
>   Fri, Dec 30, 5:06 p.m.
>
>   * * * * * * * * * * * * * *
>   From 47272
>   Papa John's Promo Alerts:
>   Get a LG Two Topping pizza
>   for $10 or get any LG Pizza*
>   for only $2 more @ participating
>   http://www.papajohns.com
>   REPLY STOP to cancel.
>
>   Stored:
>   Fri, Jun 1  3:52 pm
>   Received
>   Fri, Jun 1 4:53 p.m.

32.   On information and belief, Defendants and/or persons acting on their behalf sent

SMS or text messages identical to those received by Plaintiff to thousands of other wireless

phone numbers belonging to the members of the class which Plaintiff seeks to represent and used

an autodialer to do so.  All of the text messages advertised Defendants' services and products, to

wit: home delivery pizzas.

33.     Upon information and belief, all of the text messages sent by or on behalf of

Defendants to Plaintiff's Cell Phone Number and to the wireless telephone numbers of the

members of the class she seeks to represent were from the SMS short code 47272.  This SMS

short code equates to "4PAPA" on a telephone key pad and is owned by or assigned to

Defendants or by a company or companies retained by Defendants to transmit marketing

campaigns on their behalf.

34.     Similar or identical autodialed text message advertisements were sent to

thousands of wireless telephone numbers subscribed to by Plaintiff and the class members over

the past four years in violation of the TCPA.

35.     Plaintiff is entitled to recover statutory damages as provided for by 47 U.S.C. §

227 *et seq.*

## VII.  CLAIM FOR RELIEF

### Telephone Consumer Protection Act, 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(3)

### Autodialed Calls to Wireless Numbers

36.     Plaintiff re-alleges and incorporates paragraphs 1 through 35 as though fully set

forth herein.

37.     The "Class."  Pursuant to Rule 23 of the Federal Rules of Civil Procedure,

Plaintiff brings this action for herself and on behalf of a class (the "Class") of similarly situated

individuals initially defined as follows:

> All natural persons residing in the United States (a.) who received one or more SMS or
> text messages on their wireless phones (b.) sent by or on behalf of Defendants using the
> SMS short code 47272 or 4PAPA (c.) using an automatic telephone dialing system as
> defined by the TCPA (d.) within four years next preceding the filing of this action and

during its pendency, (e.) where the wireless phone number called was obtained as a result of it being captured and/or requested in connection with a telephone order for pizza or another product from Defendants or a Papa John's franchisee. Excluded from the class definition are any employees, officers, directors of Defendant, and attorney appearing in this case, and any judge assigned to hear this action.

38.     Numerosity. *Fed. R. Civ. P. 23(a)(1).* Upon information and belief, Plaintiff alleges that the Class consists of thousands of individuals and other person who are geographically dispersed making joinder impractical. The exact size of the Class and the names and addresses of the members thereof are identifiable through documents maintained by Defendants and/or their agents, including but not limited to the transmission logs. The Class members may be notified of the pendency of this action by published and/or mailed notice.

39.     Existence and Predominance of Common Questions of Law and Fact. *Fed. R. Civ. P. 23(a)(2).* Common questions of law and fact exist as to all Class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a.     Whether the SMS or text messages sent by or on behalf of Defendants to the wireless telephone numbers of the Class members were made using an automatic telephone dialing system?

b.     Whether the SMS or text messages sent by or on behalf of Defendants to the wireless telephone numbers of the Class were made for emergency purposes?

c.     Whether Defendants obtained the prior express consent of the called party before sending the SMS or text messages?

d.     Whether Defendants' conduct violated 47 U.S.C. § 227(b)(1)(A)?

e.     Whether Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)?

f.      Whether Plaintiff and the Class members are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct?

40.     **Typicality.** *Fed. R. Civ. P. 23(a)(3).* Plaintiff's claims are typical of the claims of the Class members. The claims of the Plaintiff and the Class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the Class members. Plaintiff would only seek individual or actual damages if class certification is denied.

41.     **Adequacy.** *Fed. R. Civ. P. 23(a)(4).* Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interest of the members of the Class; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. Plaintiff and her Counsel will fairly and adequately protect the interests of members of the Class.

42.     **Predominance and Superiority.** *Fed. R. Civ. P. 23(b)(3)* Questions of law and fact common to the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Liability will be determined based on a common set of facts and legal theories. Willfulness will be determined based on Defendants' conduct and knowledge, not upon the effect of Defendants' conduct on the Class members. The statutory damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them, as the TCPA has no attorney's fee shifting provision. Even if the members of the Class

themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

43.     The Class has a well-defined community of interest. The Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the Class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members.

44.     Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. *Fed. R. Civ. P. 23(b)(2)*.

45.     By virtue of the foregoing, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) as to Plaintiff and the Class by sending or having sent on their behalf SMS or text messages on one or more occasions, to the wireless telephone numbers of Plaintiff and the members of the Class using an autodialer without the prior express consent of Plaintiff and the Class members.

46.     Pursuant to 47 U.S.C.A. §227(b)(3), each Class member is entitled to recover from Defendants $500.00 in statutory damages for each such violation. In the event that Defendants are found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more that $1,500.00 for each such

violation.

47.    Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff, on behalf of herself and the Class members, also seeks injunctive relief prohibiting Defendants' violations of the TCPA in the future.

## VIII.  DEMAND FOR PRESERVATION

48.    Plaintiff also specifically demands that Defendants retain and preserve all documents (including written, recorded and electronic documents) related to the allegations in this Class Complaint.  Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents:

a.    All documents evidencing the wireless telephone numbers to which either or both Defendants and/or persons acting on their behalf sent SMS or text messages using an autodialer within the four years preceding the filing of the Class Complaint or thereafter;

b.    All documents evidencing the identity (including the full names, addresses, and phone numbers) of the "called party" to which either or both Defendants and/or persons acting on their behalf sent SMS or text messages using an autodialer within the four years preceding the filing of the Class Complaint or thereafter;

c.    All documents evidencing the number of SMS or text messages sent to each wireless telephone number to which and/or to each called party to whom either or both Defendants and/or persons acting on their behalf sent SMS or text messages using an autodialer within the four years preceding the filing of the Class Complaint or thereafter;

d. All documents, including transmission or phone logs, showing dates of transmission, receipt or identity of recipient of SMS or text message advertisements sent by or on behalf of either or both Defendants within the four years preceding the filing of the Class Complaint or thereafter;

e. All documents evidencing the scripts of the SMS or text message advertisements sent by or on behalf of either or both Defendants to any wireless telephone number within the four years preceding the filing of the Class Complaint or thereafter;

f. All documents supporting the contention of either or both Defendants that it or they had the prior express consent of any called party to whom an SMS or text message was sent within the four years preceding the filing of the Class Complaint or thereafter and all documents evidencing the names, addresses and wireless telephone numbers of all persons who either or both Defendants contend provided such prior express consent;

g. All documents evidencing the identity and/or wireless telephone numbers of all persons who requested to opt-out of receiving SMS or text messages within the four years preceding the filing of the Class Complaint or thereafter;

h. All documents, including but not limited to invoices, transmission logs, and summary logs, provided to either or both Defendants by any company or person which it or they retained to transmit SMS or text message advertisements on its or their behalf within the four years preceding the filing of the Class Complaint or thereafter;

i.      All documents evidencing or pertaining to any and all policies or procedures implemented by either or both Defendants with regard to the sending of SMS or text messages to wireless telephone numbers;

j.      All documents evidencing or pertaining to the knowledge of either or both Defendants of the TCPA and/or the regulations and rulings of the FCC thereunder;

k.      All documents evidencing or pertaining to any and all lawsuits and/or settlements to which either or both Defendants was a party which, in whole or in part, pertain to the TCPA;

l.      All documents evidencing your cost for transmitting SMS or text message advertisements sent by either or both Defendants and/or persons acting on their behalf within the four years preceding the filing of the Class Complaint or thereafter.

49.      Demand is made on each Defendant to notify any third parties or vendors retained by it to send SMS or text message advertisements to any wireless telephone number of this preservation demand and to request production from said third parties and/or vendors of any and all documents listed in this Demand for Preservation.

### Incorporation of Paragraphs into Other Paragraphs

50.      Every paragraph in this Complaint is hereby incorporated into every other paragraph.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and as representative of all other

persons similarly situated, prays for judgment against Defendants, awarding relief as follows:

    a.    Certifying of the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointment of Plaintiff and her counsel to represent the Class;

    b.    Statutory damages as provided for under 47 U.S.C. § 227(b)(3), trebled as may be appropriate;

    c.    A permanent injunction restraining Defendants from sending or having sent on their behalf any SMS or text messages to wireless telephones numbers using an autodialer without first obtaining the prior express consent of the called party;

    d.    Pre-judgment interest from the date of filing this suit;

    e.    A reasonable attorney's fee to be paid out of any common fund created by virtue of this litigation;

    f.    All cost of this proceeding; and

    g.    All general, special and equitable relief to which Plaintiff and the members of the Class are entitled by law.

TRIAL BY JURY IS DEMANDED.

**EILEEN J. DOWNING**

Date: _7/27/12_      By: _____
                      Of Counsel

Christopher Colt North (VSB No. 16955)
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax:  (757) 873-8375
cnorthlaw@aol.com

John P. Wolff, III, (La. Bar Roll # 14504)
Pro Hac Vice Application Pending
Christopher K. Jones, (La. Bar Roll # 28101)
Pro Hac Vice Application Pending
Attorneys for Plaintiff
Keogh, Cox & Wilson, Ltd.
701 Main Street
Baton Rouge, LA 70802
Phone: (225) 383-3796
Fax: (225) 343-9612
jwolff@kcwlaw.com
cjones@kcwlaw.com

Philip Bohrer, (La. Bar Roll # 14089)
Pro Hac Vice Pending
Attorney for Plaintiff
Bohrer Law Firm, LLP
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Phone: (225) 925-5297
Fax: (225) 231-7000
phil@bohrerlaw.com