**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

EILEEN J. DOWNING, *for herself and*
*on behalf of all similarly situated individuals*,

        Plaintiff,

    v.                             **Civil Action No. 2:12cv422 (MSD/TEM)**

PAPA JOHN'S USA, INC., and
PAPA JOHN'S INTERNATIONAL, INC.,

        Defendants.

## ANSWER TO PLAINTIFF'S CLASS COMPLAINT

Defendants Papa John's USA, Inc. and Papa John's International, Inc. (collectively, "Papa John's"), by counsel, submit the following Answer to Plaintiff Eileen J. Downing's ("Plaintiff") "Class Complaint" ("Complaint").

### I.      NATURE OF THE CASE

1.      Papa John's admits that this action is purportedly brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*   The remaining allegations in Paragraph 1 of the Complaint are denied.

### II.      SUBJECT MATTER JURISDICTION AND VENUE

2.      The allegations in Paragraph 2 of the Complaint are legal conclusions, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

3.      The allegations in Paragraph 3 of the Complaint regarding venue are legal conclusions, therefore, no response is required.  To the extent those allegations are contrary to

the law, the allegations are denied.  The remaining allegations in Paragraph 3 of the Complaint are denied.

4.      The allegations in Paragraph 4 of the Complaint regarding venue are legal conclusions, therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

### III.      PARTIES AND PERSONAL JURISDICTION

5.      Papa John's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6.      Papa John's admits the allegations in Paragraph 6 of the Complaint that it is organized and existing under the laws of the state of Kentucky.  Papa John's denies the remaining allegations in Paragraph 6 of the Complaint.  By way of further response, Papa John's admits that its principal place of business is P.O. Box 99900, Louisville, KY 40269-0900.

7.      The allegations in Paragraph 7 of the Complaint are admitted.

8.      The allegations in Paragraph 8 of the Complaint are admitted.

9.      The allegations in Paragraph 9 of the Complaint are legal conclusions; therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

10.      The allegations in Paragraph 10 of the Complaint are denied.

11.      The allegations in Paragraph 11 of the Complaint refer to documents, which speak for themselves.  To the extent the allegations vary from those documents, the allegations are denied.

12.      Papa John's admits the allegations in Paragraph 12 of the Complaint.

13.     The allegations in Paragraph 13 of the Complaint are legal conclusions; therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

14.     Papa John's admits that Plaintiff purports to serve Defendant Papa John's International, Inc. through the Virginia Secretary of the Commonwealth.  Any remaining allegations in Paragraph 14 of the Complaint are denied.

15.     The allegations in Paragraph 15 of the Complaint are legal conclusions; therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

## IV.     GENERAL OVERVIEW OF THE TCPA

16.     The allegations in Paragraph 16 of the Complaint are legal conclusions; therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

17.     The allegations in Paragraph 17 of the Complaint are legal conclusions; therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

18.     The allegations in Paragraph 18 of the Complaint refer to documents, which speak for themselves.  To the extent the allegations vary from those documents, the allegations are denied.

19.     The allegations in Paragraph 19 of the Complaint are legal conclusions; therefore, no response is required.  To the extent those allegations are contrary to the law, the allegations are denied.

## V.     SMS AND TEXT MESSAGING

20.     The allegations in Paragraph 20 of the Complaint refer to documents, which speak for themselves.   To the extent the allegations vary from those documents, the allegations are denied.

21.     The allegations in Paragraph 21 of the Complaint refer to documents, which speak for themselves.   To the extent the allegations vary from those documents, the allegations are denied.

22.     The allegations in Paragraph 22 of the Complaint refer to documents, which speak for themselves.   To the extent the allegations vary from those documents, the allegations are denied.

23.     The allegations in Paragraph 23 of the Complaint are legal conclusions; therefore, no response is required.   To the extent those allegations are contrary to the law, the allegations are denied.

## VI.     FACTS AS TO NAMED PLAINTIFF

24.     Pursuant to prior express consent provided by the Plaintiff, Papa John's admits that it or persons acting on its behalf sent SMS or text messages to Plaintiff's cell phone in 2011 and 2012.  Papa John's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint and, therefore, denies the same.

25.     Papa John's admits that it or someone on its behalf sent SMS or text messages to Plaintiff, with Plaintiff's prior express consent, using an automatic telephone dialing system, as defined by the TCPA.

26.     Papa John's admits that none of the SMS or text messages, which were sent with the Plaintiff's express prior consent, were for an emergency purpose.

27.     The allegations in Paragraph 27 of the Complaint are denied.

28.     The allegations in Paragraph 28 of the Complaint are denied.

29.     The allegations in Paragraph 29 of the Complaint are denied.

30.     The allegations in Paragraph 30 of the Complaint are denied.

31.     The allegations in Paragraph 31 of the Complaint refer to documents, which speak for themselves.   To the extent the allegations vary from those documents, the allegations are denied.

32.     Papa John's admits that it or someone on its behalf has sent SMS or text messages providing promotional messages to those persons who have provided prior express consent.

33.     Papa John's admits that it owns the SMS short code "47272" and "4PAPA."  Papa John's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint and, therefore, denies the same.

34.     The allegations in Paragraph 34 of the Complaint are denied.

35.     The allegations in Paragraph 35 of the Complaint are denied.

## VII.   CLAIM FOR RELIEF

### Telephone Consumer Protection Action, 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(3) Autodialed Class to Wireless Numbers

36.     Papa John's re-states and incorporates its responses to the Paragraph 1 through 35 as though fully set forth herein.

37.     Papa John's admits this action purports to be brought as a Class Action, but denies that Class Certification is appropriate or that Plaintiff can meet the requirements of Fed. R. Civ. P. 23.  The remaining allegations in Paragraph 37 of the Complaint are denied.

38.     The allegations in Paragraph 38 of the Complaint are denied.

39.     The allegations in Paragraph 39 of the Complaint, including subparagraphs (a) through (f), are denied.

40.     The allegations in Paragraph 40 of the Complaint are denied.

41.     The allegations in Paragraph 41 of the Complaint are denied.

42.     The allegations in Paragraph 42 of the Complaint are denied.

43.     The allegations in Paragraph 43 of the Complaint are denied.

44.     The allegations in Paragraph 44 of the Complaint are denied.

45.     The allegations in Paragraph 45 of the Complaint are denied.

46.     The allegations in Paragraph 46 of the Complaint are denied.

47.     The allegations in Paragraph 47 of the Complaint are denied.

### VIII.   DEMAND FOR PRESERVATION

48.     Paragraph 48 of the Complaint, including subparagraphs (a) through (l), do not include allegations of fact, but rather, a request for preservation of documents.  Therefore, no response is required.  To the extent any allegations are asserted, the allegations are denied.

49.     Paragraph 49 of the Complaint does not include allegations of fact, but rather, a request for preservation of documents.  Therefore, no response is required.  To the extent any allegations are asserted, the allegations are denied.

### Incorporation of Paragraphs into Other Paragraphs

50.     Papa John's re-states and incorporates its responses to the preceding paragraph, as though fully set forth herein.

### IX. PRAYER FOR RELIEF

Papa John's denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph, including subparagraphs (a) through (g), of the Complaint, in the Prayer for Relief section.

Papa John's denies that Plaintiff is entitled to any relief and denies it is liable to Plaintiff or the purported class in any amount whatsoever under any theory of liability whatsoever.

Papa John's denies that Plaintiff can meet Rule 23 requirements, denies that class certification is appropriate, and denies that Plaintiff is entitled to class certification.

Papa John's denies each and every allegation not specifically admitted in this Answer.

### AFFIRMATIVE AND OTHER DEFENSES

Papa John's hereby asserts the following affirmative and other defenses to Plaintiff's Class Action Complaint without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

1. Papa John's avers that all of the claims in the Complaint fail to state a plausible claim against Papa John's upon which relief may be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009).

2. Papa John's avers that the Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23; and cannot, therefore, properly proceed as a "class action."

3.      Papa John's avers that some or all of the claims made in the Complaint are barred because Plaintiff and/or members of the purported class lack standing.

4.      Papa John's avers that the Complaint fails because Papa John's had express consent for all SMS or text messages placed to a cellular telephone number.

5.      Papa John's acted reasonably and prudently under the circumstances.

6.      Plaintiff's individual and class claims may be barred in whole or in part by the applicable statute(s) of limitation and/or the doctrine of laches.

7.      Plaintiff's individual and class claims may be barred, in whole or in part, by the principles of *res judicata*, collateral estoppel, judicial estoppel, and/or the failure to assert such claims as compulsory counterclaims in prior litigation.

8.      Plaintiff's individual and class claims are barred to the extent that Papa John's has substantially complied with the requirements of the TCPA.

9.      Papa John's reserves the right to amend its Answer to add such additional defenses as may appear appropriate after investigation and discovery are complete.

WHEREFORE, Defendants Papa John's USA, Inc. and Papa John's International, Inc., having fully responded to Plaintiff's Class Action Complaint, respectfully requests:

(a)      that the Court enter judgment in favor of Papa John's and against Plaintiff on the claims in Plaintiff's Complaint, deny all relief sought by Plaintiff, and dismiss Plaintiff's Complaint with prejudice;

(b)      that the Court deny Plaintiff's request for class certification, as Plaintiff has failed to meet her burden to prove that the requirements of Fed. R. Civ. P. 23 are satisfied;

(c)      that the Court award Papa John's its costs, including reasonable attorneys' fees, incurred in connection with this action; and

     (d)     that the Court award Papa John's such other and further legal or equitable relief as the Court deems appropriate.

Dated:  October 18, 2012

Respectfully Submitted,

**PAPA JOHN'S USA, INC. and
PAPA JOHN'S INTERNATIONAL, INC.**

By:     /s/ Jason Manning
                    Of Counsel

John C. Lynch (VSB # 39267)
Jason E. Manning (VSB # 74306)
Counsel for Defendants
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7765
Facsimile:  (757) 687-1504
E-mail: john.lynch@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then sent a notification of such filing (NEF) to the following:

**Counsel for Plaintiff**
Christopher Colt North
751-A Thimble Shoals Blvd.
Newport News, VA 23606
E-mail: cnorthlaw@aol.com

Christopher K. Jones (admitted *pro hac vice*)
John P. Wolff, III (admitted *pro hac vice*)
Keogh Cox & Wilson LTD
701 Main Street
Baton Rouge, LA 70802
E-mail: cjones@kcwlaw.com
E-mail: jwolff@kcwlaw.com

Philip Bohrer (admitted *pro hac vice*)
Bohrer Law Firm LLC
8712 Jefferson Hwy, Suite B
Baton Rouge, LA 70809
E-mail: phil@bohrerlaw.com

                                        /s/ Jason Manning
                                John C. Lynch (VSB # 39267)
                                Jason E. Manning (VSB # 74306)
                                Counsel for Defendants
                                TROUTMAN SANDERS LLP
                                222 Central Park Avenue, Suite 2000
                                Virginia Beach, VA 23462
                                Telephone:  (757) 687-7765
                                Facsimile:  (757) 687-1504
                                E-mail: john.lynch@troutmansanders.com

20162217v1